UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **BRUCE COOPER** | : | **DOCKET NO. 5:22-cv-04290** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by United Services Automobile Association (USAA) and USAA General Indemnity Company (USAA GIC). Doc. 36. The motion has been fully briefed, making it ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**I.**
**BACKGROUND**

Plaintiff is a Louisiana citizen who, through his former attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 25, 2022, raising state-law claims of breach of insurance contract and bad faith against USAA. Doc. 1. Those claims arose from damage allegedly caused by Hurricane Laura. *Id.* The suit was filed pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332, asserting that plaintiff was a citizen of Louisiana and USAA a citizen of Texas. *Id.* at ¶ 3. In October 2022, the court stayed all suits filed by MMA after concerns of misconduct by those attorneys began to arise. Doc. 5.

After the former MMA attorneys were removed as counsel of record, new counsel enrolled on plaintiff's behalf. Doc. 34. The court also lifted the stay in this matter. Doc. 23. USAA and USAA GIC[1] now move to dismiss the suit for lack of jurisdiction, arguing that there is no diversity of citizenship because USAA is also counted as a citizen of Louisiana. Doc. 36. The court allowed plaintiff to amend the complaint to replace USAA with USAA GIC as the defendant and to "clarify" that plaintiff's claim arises from an ice storm, not Hurricane Laura. Doc. 40. Plaintiff opposes the instant motion, and a reply has been filed. Docs. 41, 42.

## II.
### THE PARTIES' ARGUMENTS

Both parties acknowledge that plaintiff misnamed his insurer in the original complaint against USAA, and that a separate but affiliated entity, USAA GIC, is plaintiff's insurer. Docs. 36, 41. The parties disagree about whether this error may be corrected through amendment.

**A. Defense Arguments Favoring Dismissal**

USAA and USAA GIC argue that this court had no subject matter jurisdiction over this matter from its inception, and that the court therefore lacked authority to grant plaintiff's motion for leave to amend. Doc. 36, att. 1, pp. 3–4. They argue that multiple federal courts have held that USAA is a reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for diversity purposes. Doc. 36, att. 1, pp. 2–3; *see e.g.*, *Fields v. Progressive Cas. Ins. Co.*, No. 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022). There being no diversity of citizenship over the original dispute between plaintiff and USAA, they reason, there can be no jurisdiction to allow amendment.

---

[1] USAA GIC was not a party to this matter at the time the Motion to Dismiss [doc. 36] was filed.

### B. Plaintiff's Arguments Favoring Amendment

Under Rule 15, courts are instructed to grant leave to amend when justice so requires, and plaintiff argues that amendment is appropriate here because the original complaint merely misnamed the insurer. Fed. R. Civ. P. 15(a); doc. 41, p. 2.  Plaintiff correctly notes that USAA GIC has appeared, provided an answer to the original complaint, and joined in the Motion to Dismiss currently before the court, suggesting actual knowledge of the complaint and lack of prejudice. *Id.* Plaintiff further claims MMA committed a "mere typographical error" when naming USAA as the defendant, which can be remedied under 28 U.S.C. § 1653. Doc. 41, pp. 2–3.  USAA and USAA GIC argue that the amendment is futile due to prescription. Doc. 42.

### III.
#### LAW AND ANALYSIS

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)).  There is no basis for federal question jurisdiction in this case because plaintiff raises only state law claims. *See* 28 U.S.C. § 1331.  As for diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs.  Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).  In other words, the court cannot exercise jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).  The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Diversity of citizenship must be judged at the time the action commences. *Grupo Dataflux v. Altas Glob. Grp., L.P.*, 124 S. Ct. 1920, 1925–26 (2004). In this case, the only parties at the time the action commenced shared Louisiana citizenship and were therefore not diverse. The lack of diversity jurisdiction cannot be remedied by amendment of the complaint because amendment cannot be used to "retroactively create jurisdiction." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 890 (5th Cir. 2000).

The United States Fifth Circuit Court of Appeals has repeatedly cautioned that actual defects in jurisdiction cannot be cured through amendment. "Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment." *Id.* at 888 (quoting Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999)). In a case in which a corporate plaintiff attempted to amend its complaint to substitute an affiliate as plaintiff, the Fifth Circuit agreed with the district court that the amendment was without effect because, "if the court did not have jurisdiction at the time the suit was filed, it had no jurisdiction over the amended complaint." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). The same reasoning applies here.

Plaintiff argues that naming USAA as the original defendant was a mere misnomer or typographical error, and that courts should grant leave to correct such mistakes. Doc. 41, pp. 2–3. But the cases to which plaintiff cites do not involve the jurisdictional defect affecting this case. *See Schewe v. USAA Cas. Ins. Co.*, No. 06-881, 2007 WL 2174588 (E.D. La. July 27, 2007) (dismissing claims against USAA after it was fraudulently joined to a case where diversity jurisdiction already existed); *Farshad v. Progressive Paloverde Ins. Co.*, No. No. 21-934, 2021 WL 8998931, at *2–3 (E.D. La. July 8, 2021) (allowing amendment of an existing party's

allegation of its own citizenship and finding that an attempt to add new claims to supply jurisdiction where none exists is improper).

We emphasize that this is not a matter of merely curing defective jurisdictional *allegations*, which would be permitted by amendment. *Whitmire*, 212 at 888 (holding that, where diversity of citizenship existed from the inception of the litigation, and plaintiff's claims supporting federal question jurisdiction were dismissed, the failure to allege diversity jurisdiction at the outset was curable through amendment). Nor does this case involve the principal the Supreme Court recognized in *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 471–75 (1996), in which an unrecognized jurisdictional defect was cured before trial and judgment by dismissing the non-diverse defendant. *See also 16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 556 (5th Cir. 2018).

Rather, the instant case involves an attempt to amend to replace the sole, non-diverse defendant with a diverse defendant. "[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party to create jurisdiction." *United States v. U.S. Fid. & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996) (finding federal statute under which plaintiff sued inapplicable and denying request to amend to cure jurisdictional defect). Thus, the amended complaint [doc. 40] could not cure the defects in the jurisdictional facts alleged in the original complaint.

Accordingly, the Motion to Dismiss [doc. 36] should be granted for lack of subject matter jurisdiction. Because we now find that we did not have diversity jurisdiction over the original complaint, we agree with USAA and USAA GIC that we did not have the authority to grant plaintiff's Motion to Amend [doc. 38]. Given our conclusion above, we do not address the argument that the amendment is futile.

# IV.
## CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 36] be **GRANTED** and that all claims in this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE